**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

OTIS A. WADE                                                                              PETITIONER
ADC #146863

v.                                       Case No. 3:12CV00052 BSM-JTK

CHARLES DAVID BURNETT, ET AL.                                                RESPONDENTS

## ORDER

On February 16, 2012, Petitioner filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983,

along with a Motion to Proceed *In Forma Pauperis.* (Doc. Nos. 1 and 2). The Clerk docketed the

Complaint as a habeas petition, and Petitioner was advised to inform the Court if he did not wish

to file a habeas petition. (Doc. No. 3). In his Responses to the Court, Petitioner has asked that

someone explain to him why he needs to submit a habeas petition to the Court. The Court is not in

the business of telling a Petitioner what he needs to file. Petitioner states in his claim that he was

illegally sentenced and has been falsely imprisoned since August 4, 2009. He requests monetary

relief for his false imprisonment, emotional stress, pain and suffering and loss of wages.

Further review by the Court has revealed that Petitioner pleaded guilty to simultaneous

possession of drugs and a firearm, a Class Y felony, in Crittenden County Circuit Court. He

received sixty months' probation on November 25, 2008, and the State later revoked his probation,

and on February 18, 2010, he received 300 months' imprisonment. *See Wade v. State*, 2011 Ark.

App. 32 (2011). His counsel filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738

(1987), and the Arkansas Court of Appeals denied counsel's motion to be relieved and ordered

briefing. *Id.* On June 29, 2011, the Arkansas Court of Appeals reversed and remanded the case to

the trial court, holding that Petitioner received an illegal sentence when he received probation for a Class Y felony; further, the subsequent revocation of probation was also in error. The Arkansas Court of Appeals found both sentences void and reversed and remanded the case for sentencing within the range authorized by statute. *See Wade v. State*, 2011 Ark. App. 464. Petitioner was thereafter sentenced on January 9, 2012, and he received 120 months' imprisonment. His initial receipt into the Arkansas Department of Correction was January 19, 2012, and he is eligible for release on July 10, 2013. *See* http://adc.arkansas.gov/inmate_info/index.php (last visited April 2, 2012).

The United States Supreme Court has made clear that when a prisoner seeks to challenge the facts or duration of his confinement, his claims must be brought in a habeas petition, and not in a civil-rights action. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005). The Court reasoned that, because "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody," *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973), challenges to the fact or duration of confinement fall "within the core of habeas corpus," *id.* at 487. Congress has passed legislation that specifically covers such core habeas claims, and allowing prisoners to exclude those habeas statutes by litigating core habeas claims as civil rights actions would defeat congressional intent. *Id.* at 489-90.

The Court has also held that when a prisoner brings a claim that does not challenge the fact or duration of his confinement—that is, when a prisoner does not ask to be released or to have his sentenced reduced—then the prisoner is not bringing a core habeas claim, and he may litigate his claim as a civil-rights action. *Dotson*, 544 U.S. at 82.

Once again, Petitioner is advised within thirty (30) days to notify the Court what he intends to do.  If he is challenging the fact or duration of his confinement, Petitioner is advised that he must complete the court-approved 2254 habeas form that the Clerk has already forwarded to him, along with submitting his $5.00 filing fee.  If he does not wish to challenge the fact or duration of his sentence and wishes to file a civil-rights (1983) action, he must likewise inform the Court.  Failure to comply with the Court's directive will result in dismissal of this action.

SO ORDERED this 2nd day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE