# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

**OTIS A. WADE, ADC #146863**                                      **PETITIONER**

v.                  **CASE NO. 3:12CV00052 BSM/JTK**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                            **RESPONDENT**

## ORDER

On February 16, 2012, petitioner Otis A. Wade filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. [Doc. Nos. 1, 2]. The clerk's office docketed the complaint as a habeas petition, and Wade was directed to clarify whether he intended to file a habeas petition. [Doc. No. 3]. Wade has since advised that it is his desire to file a section 1983 action. [Doc. No. 10], and therefore, this habeas action is dismissed without prejudice.

Wade pleaded guilty to simultaneous possession of drugs and a firearm, a Class Y felony, and on November 25, 2008, the Crittenden County Circuit Court placed him on probation for sixty months. *Wade v. State*, 2011 Ark. App. 32, at 2 (2011). On March 20, 2009, the state filed a revocation motion, and following a hearing, Wade's probation was revoked and he was sentenced to 300 months imprisonment in the Arkansas Department of Correction (ADC). *Id.*

During Wade's appeal of that sentence, defense counsel filed an *Anders* brief pursuant to *Anders v. California*, 386 U.S. 738 (1987), and the Arkansas Court of Appeals denied counsel's motion to be relieved and ordered briefing. *Id.* at 1. On June 29, 2011, the Arkansas

Court of Appeals reversed and remanded the case to the trial court, holding that Wade received an illegal sentence when he received probation for a Class Y felony and that the subsequent revocation of probation was also in error. Having found both sentences void, the Arkansas Court of Appeals directed the trial court to resentence Wade within the range authorized by statute. *Wade v. State*, 2011 Ark. App. 464. Wade was resentenced on January 9, 2012, and he received 120 months imprisonment. His initial receipt into the ADC was January 19, 2012, and according to information on the ADC's website, Wade is eligible for release on July 10, 2013.

Wade asserts that he was illegally sentenced and has been falsely imprisoned since August 4, 2009. He requests monetary relief for his false imprisonment, emotional stress, pain and suffering and loss of wages. The Eighth Circuit has held that "false imprisonment is a state law tort claim. It is not coextensive with the Fourteenth Amendment, which protects only against deprivations of liberty accomplished without due process of law." *King v. Beavers*, 148 F.3d 1031, 1034 (8th Cir. 1998), *cert. denied*, 525 U.S. 1002 (1998) (internal quotation marks omitted). Because Wade's claim for monetary relief for false imprisonment does not arise under the United States Constitution or a federal statute, he has not stated a claim for relief under 42 U.S.C. § 1983.

IT IS SO ORDERED this 18th day of April 2012.

                                                                                                 /s/ Brian S. Miller
                                                          UNITED STATES DISTRICT JUDGE